IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE ESTATE OF DARRELL DUANE LEFTHAND, through DARRELYN LEFTHAND as Personal Representative,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN TENKE,<br><br>Defendant. | CV 21-114-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Justin Tenke's Motion in Limine. (Doc. 47). Defendant moves to exclude nine statements contained in a report produced by Plaintiff The Estate of Darrell Duane Lefthand's expert, Dr. Jamie Maddux. For the following reasons, the Court grants the motion as to Statements 4-8, and denies the motion as to Statements 1-3 and 9.

I.  **Statement of Facts**

Just after midnight on June 23, 2020, Defendant was driving north on Highway 451 toward Wyola, Montana. (Doc. 30-1 at 11). Around milemarker 31, Defendant looked and reached into the backseat to check on his dog, taking his eyes off the road. (*Id.* at 7). When he looked forward, he hit Melanie DeCrane and Darrell Lefthand. (*Id.* at 11). DeCrane and Lefthand were killed. After the crash,

1

Plaintiff sued Defendant for negligence, wrongful death, and a survival action. (Doc. 1-3).

Defendant moved for summary judgment on May 27, 2022. (Doc. 23). The Court granted the motion as to the survival action but found disputed material facts concerning the degree of contributory negligence of each party precluded summary judgment. (Doc. 44). Specifically, the Court rejected Defendant's general argument that Plaintiff relied on impermissible conclusions of law made by Maddux to rebut summary judgment. The Court held that while an expert cannot testify to legal conclusions, he can express an opinion on an ultimate issue of fact. Maddux's report contained both types of opinions, so the Court only considered those relevant admissible ones.

## II. Legal Standard

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court only will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.* In ruling on motions in limine, the Court retains wide discretion. *Id.*

## III. Analysis

Defendant challenges the admissibility of nine statements made in Maddux's expert report. The Court will address each in turn.

A.   *Opinions on Conclusions of Law*

"[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal citation omitted) (emphasis in original). However, expert testimony on an ultimate issue of fact is admissible. *Id.* (citing Fed. R. Evid. 704(a)).

Defendant argues that eight statements, identified in his brief in support of his motion for limine, generally are legal conclusions that the Court should exclude at trial. (Doc. 48 at 4-7). Defendant does not specify why each qualifies as a legal conclusion. In response, Plaintiff explains why each statement is admissible based on the Court's reasoning on summary judgment. (Doc. 51 at 2-12). In his reply, Defendant acknowledges that the Court addressed the legal merits of his motion and otherwise declined to rebut to Plaintiff's response. (Doc. 53 at 1-2).

Despite Defendant's concession in his reply, the Court will address the merits of each challenged statement, since the Court held on summary judgment that portions of Maddux's report were admissible and portions were not. The statements challenged by Defendant here are, likewise, a mixed bag.

1.   Statement 1

The first statement challenged by Defendant reads, "According to the Trooper's report, Mr. Tenke was distracted, inattentive and/or careless and he

3

failed to maintain his vehicle within the proper travel lane." (Doc. 48 at 2 (quoting Doc. 48-1 at 2)) ("Statement 1").

Rule 703 permits an expert to form an opinion based on facts or data which are "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. It is "[w]ell understood" that an expert can explain the facts on which his opinion is based "without testifying to the truth of those facts." *Williams v. Illinois*, 567 U.S. 50, 57 (2012). In the Ninth Circuit, when an expert presents otherwise inadmissible evidence merely to illustrate the basis of the expert's opinion, "it is 'necessary for the court to instruct the jury that the [otherwise inadmissible] evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence.'" *United States v. 0.59 Acres of Land*, 109 F.3d 1493, 1496 (9th Cir. 1997) (citing *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984)).

Defendant only argues that Statement 1 is a legal conclusion, not that Maddux will present it for its truth. Plaintiff appears to argue Statement 1 serves to explain the basis for Maddux's opinion, though Plaintiff does not expressly state as much. (Doc. 51 at 6-7). However, the fact that Maddux did not merely adopt and regurgitate the trooper's report, and instead considered information from 12 other sources to form his opinions, supports a finding that Statement 1 only will be used to explain the basis for Maddux's opinion. *See Doherty v. State Farm Gen.*

4

*Ins. Co.*, No. 2:19-cv-01963, 2021 WL 6104170, at *6 (C.D. Cal. July 21, 2021) (distinguishing the inadmissibility of an expert opinion based on one source versus the admissibility of one based on a variety of sources and data). Accordingly, the Court admits Statement 1 with an instruction to the jury that it should only be considered as a basis for Maddux's opinion.

2. *Statement 2*

The second statement challenged by Defendant reads, "The purpose of the investigation was to determine . . . *contributed to and/or caused the subject collision*." (Doc. 48 at 2 (quoting Doc. 48-1 at 2) (emphasis and omission in Defendant's brief)) ("Statement 2"). Given Defendant argues that Statement 2 is a legal conclusion, the Court must consider Statement 2 in its full context. Statement 2 is the only sentence in the Purpose section of Maddux's expert report, and reads, in full, "The purpose of the investigation was to determine what actions taken by Mr. Tenke contributed to and/or caused the subject collision." (Doc. 48-1 at 2).

The Court does not see how this is a conclusion of law or otherwise impermissible as evidence. Rather, Statement 2 seems to lay the foundation for the scope of Maddux's report and testimony. As such, the Court admits Statement 2.

3. *Statement 3*

The third statement challenged by Defendant reads, "These two statements [of Defendant Tenke] are contradictory. . ." (Doc. 48 at 2 (quoting Doc. 48-1 at 8))

5

("Statement 3"). Defendant's purportedly contradictory statements are from two police interviews, one in which he said he was driving down the middle of the roadway to avoid deer, and the other in which he said he was driving toward the centerline but thought he was still in the northbound lane. (Doc. 48-1 at 8). In assessing Defendant's remarks against the physical evidence, Maddux concluded that Defendant was driving down the center of the roadway. (*Id.*).

Statement 3 is a factual opinion on the inconsistency between Defendant's statements. Additionally, Statement 3 explains the evidence Maddux considered in forming his opinion on where in the road Defendant was driving. Accordingly, the Court admits Statement 3.

### 4. *Statement 4*

The fourth statement challenged by Defendant reads, "Montana law (MCA 61-8-328) states ... MCA 61-8-321 states ..." (Doc. 48 at 2 (quoting Doc. 48-1 at 9)) ("Statement 4").

"Instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)). Statement 4 instructs the jury as to the applicable law, so the Court excludes Statement 4.

6

5. *Statements 5, 6, 7, and 8*

Plaintiff concedes based on the Court's summary judgment order that Statements 5, 6, 7, and 8 are legal conclusions. The Court agrees and excludes them.

B. *Statement 9: Methodology*

The ninth statement challenged by Defendant reads, "Mr. Tenke's actions directly contributed to the deaths . . . he was speeding, he failed to maintain his vehicle within his travel lane." (Doc. 48 at 3 (quoting Doc. 48-1 at 11) (omission in Defendant's brief)) ("Statement 9"). Defendant challenges the methodology by which Maddux arrived at this opinion because Maddux "deliberately ignores Lefthand as a contributing factor and cause of the crash." (Doc. 48 at 9). Plaintiff responds that Maddux is qualified to give opinion testimony and assist the trier of fact, as Defendant admits in his motion. (Doc. 51 at 12-13 (citing Doc. 48 at 2)).

Expert testimony must be relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry," and it is reliable if "the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). Judges must "screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car,*

7

*Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564.

Expert testimony need not consider alternative causes of an accident to be reliable. *Specter v. Texas Turbin Conversions, Inc.*, 505 F. Supp. 3d 936, 947 (D. Alaska 2020). So long as the expert provides "ample analysis and explanation for his opinions, which derive from the application of his expertise to the facts in this case," then their testimony is reliable. *Id.* Accordingly, cross-examination is the appropriate forum for any attacks on reliable and relevant expert testimony. *Id.*

Here, Maddux's methodology is not undermined by the fact that he exclusively looked at how Defendant contributed to the crash. To the contrary, such testimony is pertinent to the key issue in the case: the extent of contributory negligence of each party. Furthermore, Maddux's report explains that he used "conventional accident reconstruction principles and techniques"—which Defendant does not challenge—and considered 13 sources of information in forming his opinions. (Doc. 48-1 at 3). Thus, his opinion is supported by ample analysis and explanation, and is certainly not "garbage," as Defendant asserts. (Doc. 48 at 9). Defendant is free to impeach Maddux's opinions at trial, but not on a motion in limine.

Accordingly, the Court admits Statement 9.

## IV. Conclusion

IT IS HEREBY ORDERED that Defendant Justin Tenke's Motion in Limine (Doc. 47) is DENIED as to Statements 1, 2, 3, and 9, and GRANTED as to Statements 4, 5, 6, 7, and 8.

DATED this 16th day of March, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge