IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE ESTATE OF DARRELL DUANE LEFTHAND, through DARRELYN LEFTHAND as Personal Representative,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN TENKE,<br><br>Defendant. | CV 21-114-BLG-SPW<br><br>ORDER |

Before the Court is Plaintiff The Estate of Darrell Duane Lefthand's Motion in Limine. (Doc. 49). For the following reasons, the motion is granted.

I. **Statement of Facts**

Just after midnight on June 23, 2020, Defendant was driving north on Highway 451 toward Wyola, Montana. (Doc. 30-1 at 11). Around milemarker 31, Defendant looked and reached into the backseat to check on his dog, taking his eyes off the road. (*Id.* at 7). When he looked forward, he hit Melanie DeCrane and Darrell Lefthand. (*Id.* at 11). DeCrane and Lefthand were killed. After the crash, Plaintiff sued Defendant for negligence, wrongful death, and a survival action. (Doc. 1-3).

1

Defendant moved for summary judgment on May 27, 2022. (Doc. 23). The Court granted the motion as to the survival action but found disputed material facts concerning the degree of contributory negligence of each party precluded summary judgment. (Doc. 44). Specifically, the Court rejected Defendant's general argument that Plaintiff relied on impermissible conclusions of law made by its expert to rebut summary judgment. The Court held that while an expert cannot testify to legal conclusions, they can express an opinion on ultimate issues of fact.

## II. Legal Standard

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court only will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.* In ruling on motions in limine, the Court retains wide discretion. *Id.*

## III. Analysis

In its motion in limine, Plaintiff seeks to exclude any reference to the lack of an issuance of a traffic citation to Defendant after the collision at issue in the case, and any testimony or evidence concluding that Lefthand violated any laws at the

2

time of the collision. (Doc. 49 at 2). Defendant responded that he does not oppose either request, though he seeks a carveout to the second. (Doc. 52).[1]

The Court will address each of Plaintiff's requests in turn.

*A. Evidence of the Lack of a Traffic Citation*

As to excluding evidence of the lack of a traffic citation, Defendant does not object. (Doc. 52 at 1-2). The Court grants the motion.

*B. Legal Conclusions by Experts*

Defendant also does not object to Plaintiff's request to exclude evidence or testimony containing legal conclusions that Lefthand violated any traffic laws at the time of the collision. (*Id.* at 2). However, Defendant clarifies that he will elicit facts from his one expert that a jury could understand as supporting a finding that Lefthand violated certain laws. (*Id.*).

The Court addressed the distinction between experts testifying to legal conclusions versus opinions on an ultimate issue of fact in its Order on the Motion for Summary Judgment. (Doc. 44). Reading Plaintiff's motion, it appears Plaintiff seeks only to exclude legal conclusions. (*See* Doc. 49 at 5-6). Based on the Court's reasoning in its summary judgment order, the Court agrees and grants the

---

[1] Plaintiff's reply states that Defendant does not submit a substantive response to Plaintiff's motion. (Doc. 54 at 2). However, Plaintiff mistakes Defendant's reply to his own motion for Defendant's response to Plaintiff's motion. (*Cf.* Doc. 52 and 53).

motion, while also allowing for Defendant's experts to testify to ultimate issues of fact.

## IV. Conclusion

IT IS HEREBY ORDERED that Plaintiff The Estate of Darrell Duane Lefthand's Motion in Limine (Doc. 49) is granted.

DATED this 16th day of March, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge